UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIKA SAWER, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

ARLOZOROV9, INC., d/b/a ALMA,

Defendant.

Case No.: 1:26-cv-00732

**DEFENDANT'S REPLY AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

MULLEN COUGHLIN LLC
411 Theodore Fremd, Ste 206S
Rye, New York 10580
(267) 930-1254
jlisogorsky@mullen.law

*Attorneys for Defendant*

Dated: Rye, New York
April 20, 2026

# TABLE OF CONTENTS


I. Argument .......... 2

A. Standing .......... 2

B. ECPA .......... 4

C. CIPA .......... 6

1. § 631 .......... 7

2. § 632 .......... 8

D. CMIA .......... 9

E. Invasion of Privacy & Intrusion Upon Seclusion .......... 10

F. The Court Should Deny Plaintiff's Judicial Notice .......... 11

II. Conclusion .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021)....................4

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023)....................9

*Calhoun v. Google*,
113 F.4th 1141 (9th Cir. 2024)....................6

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021)....................11

*CITGO Petroleum Corp. v. Starstone Ins. SE*,
No. 1:21-CV-389-GHW, 2023 WL 2525651 (S.D.N.Y. Mar. 15, 2023)....................11

*Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks*,
132 Cal. App. 4th 1466, 34 Cal. Rptr. 3d 439 (2005)....................9

*D'Antonio v. Cable News Network, Inc.*,
No. 24 CV 3132 (VM), 2026 WL 960032 (S.D.N.Y. Apr. 9, 2026)....................3

*Doe v. FullStory, Inc.*,
712 F. Supp. 3d 1244 (N.D. Cal. 2024)....................6

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023)....................8

*Gabrielli v. Insider, Inc.*,
No. 24-CV-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025)....................2, 11

*Gay v. Garnet Health*,
No. 23-CV-06950 (NSR), 2024 WL 4203263 (S.D.N.Y. Sept. 16, 2024)....................5, 6

*Harrill v. Emanuel Med. Ctr.*,
No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428 (E.D. Cal. June 9, 2025)....................4

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023)....................7

*In re Castillo*,
722 F. App'x 29 (2d Cir. 2018)....................1

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ........................................................................................ 2

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020)............................................................................ 7

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ...................................................................................... 4

*Lesh v. Cable News Network, Inc.*,
767 F. Supp. 3d 33 (S.D.N.Y. 2025) ........................................................................ 8, 12

*Lightoller v. Jetblue Airways Corp.*,
No. 23-CV-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023)................................ 3

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012)................................................................... 10, 11

*Marden v. LMND Med. Grp., Inc.*,
No. 23-CV-03288-RFL, 2024 WL 4448684 (N.D. Cal. July 3, 2024)...................................... 5

*Mike Goldstein v. Rumble Inc.*,
No. CV 25-06304-MWF (SKX), 2025 WL 3691987 ................................................................ 8

*Ng v. Sedgwick Claims Mgmt. Servs. Inc.*,
No. 23-CV-10380 (MKV) (BCM), 2024 WL 4827574 (S.D.N.Y. Nov. 19, 2024)................. 11

*Popa v. Microsoft Corp*,
153 F.4th 784 (9th Cir. 2025) ........................................................................................ 3

*Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*,
464 U.S. 501, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984)............................................................ 1

*Prime Contractors, Inc. v. APS Contractors Inc.*,
754 F. Supp. 3d 289 (E.D.N.Y. 2024) ........................................................................... 12

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025)............................................................................ 5

*Rogers v. Ulrich*,
52 Cal. App. 3d 894, 125 Cal. Rptr. 306 (Ct. App. 1975)......................................................... 7

*Rusow v. SkinSpirit Essential LLC*,
2026 WL 453476, (N.D. Cal. Feb. 18, 2026) ........................................................................ 6

*Salazar v. Nat'l Basketball Ass'n*,
118 F.4th 533 ........ 2

*Salazar v. Paramount Glob.*,
133 F.4th 642 (6th Cir. 2025) ........ 2

*Sinclair v. Ziff Davis, LLC*,
454 F. Supp. 3d 342 (S.D.N.Y. 2020) ........ 12

*Smith v. Google*, LLC,
735 F. Supp. 3d 1188 (N.D. Cal. 2024) ........ 8

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 24-CV-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) ........ 10

*Williams v. DDR Media, LLC*,
No. 22-CV-03789-SI, 2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) ........ 10

*Xu v. Reuters News & Media Inc.*,
No. 24 CIV. 2466 (PAE), 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025) ........ 3

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) ........ 7, 8

**Statutes**

18 U.S.C. § 2510(8) ........ 4

**Rules**

Fed. R. Evid. 201(b) ........ 11, 12

## INTRODUCTION

Plaintiff's Opposition to Defendant Arlozorov9, Inc. d/b/a Alma's ("Alma") Motion to Dismiss rests on a legally deficient premise: that any alleged loss of control over information dissemination, without more, is enough to state a cognizable privacy injury. *See* Opposition at 1. That is not the law. Courts evaluating asserted privacy interests require more than an abstract "right to control" theory; the information at issue must be the sort that is actually sensitive or confidential and therefore deserving of privacy protection. *See In re Castillo*, 722 F. App'x 29, 31 (2d Cir. 2018) ("redaction of specific sensitive information will protect [the individual's] privacy interests."); *see also Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 513, 104 S. Ct. 819, 825, 78 L. Ed. 2d 629 (1984) (if any privacy interests exist, limits must be tailored to information that is "actually sensitive and deserving of privacy protection"). Plaintiff avoids that threshold requirement. The Complaint does not plead nonconclusory facts showing that Alma exposed sensitive, personally identifiable information of Plaintiff or the proposed class—much less that any such information was plausibly put at risk in a way that constitutes a concrete injury. That pleading failure is independently dispositive and is one reason alone the Court should grant Alma's Motion to Dismiss. And it is not the only one. As set forth in Alma's Motion and further demonstrated herein, Plaintiff's First Amended Class Action Complaint ("Complaint") should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim under the Federal Wiretap Act ("ECPA"), the California Invasion of Privacy Act ("CIPA"), the California Confidentiality of Medical Information Act ("CMIA"), for invasion of privacy under California's Constitution, and for intrusion upon seclusion.

# I. ARGUMENT

## A. Standing

Plaintiff's standing argument relies on inapposite authority. The cases Plaintiff cites for the proposition that disclosure of browsing information alone constitutes a "concrete" injury, *see* Opp'n at 2, involved allegations that the browsing data was tied to personally identifying information—precisely what is missing here. *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 536 and 544 (2d Cir. 2024) (standing found based on multiple factors, including the nature of the entities involved, the intended and potential uses of the disclosed information, and resulting enhanced disclosure risks; but plaintiff also alleged disclosure of his Facebook ID, a unique identifier); *see In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (injury adequately alleged because the data captured was "personally identifiable browsing history"); and *Salazar v. Paramount Glob.*, 133 F.4th 642, 645 (6th Cir. 2025) (information disclosed included the plaintiff's Facebook ID). By contrast, the Complaint here does not allege—nor does it plead plausible facts permitting the inference—that Google Analytics captured any identifying information (such as a Facebook ID or other unique identifier) in the transmissions at issue. *See Compl.* ¶¶56-57, 70-83. Plaintiff's speculation about Google signals and "identity spaces" cannot substitute for well-pleaded facts showing an actual link to a specific person's identity.

Furthermore, Plaintiff's reliance on *Jones v. Ford Motor Co.*, to support the conclusion that if a statute codifies common law privacy then there is a concrete injury sufficient to confer standing is incomplete. *See* Opp'n at 2. "[W]hether a statute confers a substantive privacy right depends on whether the harm the statute seeks to prevent bears a close relationship to harms that have traditionally provided a basis for a lawsuit." *Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) (internal citation omitted). As outlined in

the Opposition, Plaintiff's assertion conflicts with this District's holding that "[a] legislature's 'say-so,'…does not automatically confer standing for Article III purposes, courts must 'independently decide' whether a plaintiff has suffered a concrete harm." *Xu v. Reuters News & Media Inc.*, No. 24 CIV. 2466 (PAE), 2025 WL 488501, at *4 (S.D.N.Y. Feb. 13, 2025) (internal citation omitted).

Plaintiff cannot establish Article III standing on a bare "right to control" theory untethered to personally identifiable information. This District has already rejected that approach. *See Xu*, No. 24 CIV. 2466 (PAE), 2025 WL 488501, at *5 ("That argument is also easily set aside. The Complaint does not allege that [defendant] collected … the type of information that courts have recognized as 'personal'"). Here, Plaintiff pleads no identifying data at all: the alleged transmissions are not personally identifiable and are obfuscated in Base64. *See Compl.* ¶62. And unlike *D'Antonio*, Plaintiff does not allege facts plausibly supporting de-anonymization, linkage to profiles, or any comparable "close relationship" to a traditionally recognized privacy harm. *Cf. D'Antonio v. Cable News Network, Inc.*, No. 24 CV 3132 (VM), 2026 WL 960032, at *5 (S.D.N.Y. Apr. 9, 2026). Nor can Plaintiff manufacture standing by invoking statutes while omitting facts showing the collection of personal information. *See Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023). For these reasons, *Xu* and *Popa v. Microsoft Corp, 153 F.4th 784 (9th Cir. 2025)* confirm Plaintiff has alleged no concrete injury.

Consequently, this Court should find that Plaintiff's fail to allege a concrete harm to confer Article III standing and the failure to do so after being provided an opportunity to amend the Complaint should result in a dismissal of her claims with prejudice.

**B. ECPA**

"Contents" for purposes of the ECPA depends on the substance of the information allegedly intercepted, and Plaintiff's factual allegations fail to demonstrate the interception of "any information concerning the substance, purport, or meaning", 18 U.S.C. § 2510(8), of the alleged communications of Alma's Website users. Plaintiff's Opposition, *see* Opp'n at 10, pulls specific elements of the transmission that are arguably comprehensible, but when taken in totality, the communications allegedly intercepted do not reflect anything substantive, especially given their obfuscated state. *See Compl.* ¶62. Also, Plaintiff's assertion regarding the need for encryption is unfounded under the law.

Regardless, even when decoded, the information does not constitute the type of browsing information determined to be "contents" for purposes of the ECPA because they reflect characteristics of a user's interaction with the Website. *See Harrill v. Emanuel Med. Ctr.*, No. 2:23-CV-01672-DC-CKD, 2025 WL 1635428, at *9 (E.D. Cal. June 9, 2025) ("'Contents' means 'the intended message conveyed by the communication' as opposed to 'record information regarding the characteristics of the message that is generated in the course of the communication.'") (quoting *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014)). The alleged intercepted communications provided in the Complaint should be sufficient grounds for dismissing Plaintiff's claim under the ECPA, but even if the allegations of an interception are adequate, Alma's consent to any alleged interception nullifies Alma's liability under the law (the "party exception").

Plaintiff misconstrues *Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) to support the application of the crime-tort exception here. The association of data to preexisting user profiles warranted use of the exception in *Brown* because the association allegedly occurred on Incognito mode after the defendant (Google) made representations of the absence of any data

collection while on this mode. That is not the case here, where Plaintiff fails to allege facts that Alma misrepresented its use of Google Analytics. In relation to Plaintiff's reference to *Marden v. LMND Med. Grp., Inc.*, the court did not conclude that a third-party's benefit from an interception invokes the crime-tort exception. Rather, the court mentioned a third-party's benefit in response to defendant's argument that any alleged interception for its sole benefit falls within the bounds of the party exception. *See* No. 23-CV-03288-RFL, 2024 WL 4448684, at *3 (N.D. Cal. July 3, 2024). As such, these cases should not persuade the Court regarding the plausibility needed to preclude use of the party exception.

Additionally, Plaintiff was the one to attribute Alma's use of Google Analytics for monetary gains, *See* Compl. ¶ 117, not Alma. Alma's use of Google Analytics is for its web analytics. Notwithstanding same, Plaintiff fails to sufficiently allege that at the time of any alleged interception, Alma had the intent to knowingly disclose users' personally identifiable information ("PII") and protected health information ("PHI") in violation of individuals' privacy rights through its implementation of Google Analytics. Even Judge Tigar's opinion in *Riganian v. LiveRamp Holdings, Inc.*, acknowledged a needed criminal intent. 791 F. Supp. 3d 1075, 1090 (N.D. Cal. 2025) ("[I]f [p]laintiffs ultimately prove that [defendant] unlawfully intercepted, packaged, and sold personal information without consent at scale, that conduct will not be excused on the grounds that [defendant] acted in pursuit of profit.") That is not the case here because there are no allegations reflecting an intent to commit unlawful behavior to invoke the crime-tort exception as in *Gay v. Garnet Health*.

In *Gay*, plaintiffs plausibly alleged a concealed, independent tort: the defendant enabled disclosure of a user's Facebook User ID when the user accessed Facebook from the same browser used to visit the defendant's website. *See* No. 23-CV-06950 (NSR), 2024 WL 4203263 (S.D.N.Y.

Sept. 16, 2024). Plaintiff alleges nothing comparable here. The Complaint does not plead transmission of a unique identifier or other personally identifying information, or any separate tortious or criminal purpose independent of the alleged interception. To the contrary, the alleged web transmissions are obfuscated, not in plain English, and at most resemble non-substantive record information—facts that underscore the absence of a plausible crime-tort theory. *See id.* at *4.

**C. CIPA**

Plaintiff's CIPA claims are time-barred regardless of whether Plaintiff alleges that "Alma's wiretapping and eavesdropping were carried out surreptitiously and without [Plaintiff's] consent", Opp'n at 22, which was an inadequate argument to provide the plaintiff in *Rusow v. SkinSpirit Essential LLC* with the benefit of the delayed discovery rule. *See* No. 24-CV-09317-CRB, 2026 WL 453476, (N.D. Cal. Feb. 18, 2026). In addition, Plaintiff's reference to *Calhoun v. Google LLC*, involved a question of consent for purposes of an affirmative defense, *see* 113 F.4th 1141, 1147 (9th Cir. 2024), and does not apply to Plaintiff's attempt at relying on the delayed discovery rule. Plaintiff's reliance on *Doe v. FullStory, Inc.* is also not appropriate.

In *Doe*, defendants' software was secretly incorporated into the platform and there was no indication to users regarding the platform's interaction with the software, *see* 712 F. Supp. 3d 1244, 1255 (N.D. Cal. 2024), which is not the case here. Alma's Privacy Policy explicitly discloses the relationship with Google Analytics. *See* Opp'n at 22. As such, the Court should find that the publicly available privacy policies put Plaintiff on inquiry notice for statute-of-limitations purposes. Regardless of the statute of limitations, Plaintiff's claims under Section 631 and 632 of CIPA should still be dismissed with prejudice irrespective of the rebuttal provided in Plaintiff's Opposition.

1. *§ 631*

Notwithstanding Alma's position that the extraterritorial application of CIPA and CMIA is not appropriate under the pleadings, Plaintiff's Opposition confirms Plaintiff's reliance on the second, third, and fourth clause to support a claim under Section 631 of CIPA. In relation to the second clause, the Opposition attempts to validate the sufficient pleading of "in transit" under Section 631, but the other deficiencies outlined in Alma's Motion to Dismiss regarding Plaintiff's pleadings of Section 631 remain and provide grounds for dismissal. The Complaint's failure to adequately allege how the use of Google Analytics results in the reading, attempted reading, or learning of Website users' communications, hinders the application of the second clause as a basis for Plaintiff's Section 631 claim. Notably if Plaintiff cannot adequately plead facts to assert a violation by Google under the second clause, then Plaintiff cannot base the Section 631 claim using third clause. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020).

As for Alma's assertion of the "party exception", there is a split in California courts on how the party exception applies in the context of third-party software such as Google Analytics. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1016 (C.D. Cal. 2023). Some California courts will view third-party software services that capture data from website users as tape recorders rather than eavesdroppers. *See id.* While other California courts will focus on whether the third-party had the capability to use the communications for any other purpose. *See id.* Under the former approach, Alma's use of Google Analytics would not preclude it from claiming the party exception under CIPA, since use of the tool would be akin to a tape recorder, which does not violate Section 631. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 971 (N.D. Cal. 2023) (discussing *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 125 Cal. Rptr. 306 (Ct. App. 1975)).

If the Court decides to accept the latter approach, then the standard applicable here should be whether Plaintiff's have "'plausibly alleged that the third-party software provider had the capability to use the communications for another purpose' other than to record and store them for the website owner." *Mike Goldstein v. Rumble Inc.*, No. CV 25-06304-MWF (SKX), 2025 WL 3691987, at *3 (internal citation omitted). For the reasons set forth in Alma's Motion and as supported by Plaintiff's Opposition, *see* Opp'n at 18-19, the purposes alleged by Plaintiff are purposes that are in line with relaying information for Alma and do not reflect Google's capabilities to use the alleged transmissions for another purpose. As such, Plaintiff's claim under Section 631 should be dismissed with prejudice. *See Yockey*, 688 F. Supp. 3d at 972–73 ("if [defendant] 'has no independent ability to divulge its recording for any other purpose but for that of' [customer],then it is more like the tape recorder".).

2. *§ 632*

Plaintiff's claim under Section 632 of CIPA should fail because Google Analytics is not an electronic amplifying or recording device for purposes of the law, and the cases referenced in Plaintiff's Opposition do not support this conclusion. *See Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33, 40 (S.D.N.Y. 2025) (the "Tracker" involved in the case amounted to a device or process for purposes of being a pen register under Section 638.51, not an electronic amplifying or recording device); *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1080 (N.D. Cal. 2023) (involved a software installed on users' phones, *i.e.* a device); and *Smith v. Google,* LLC, 735 F. Supp. 3d 1188, 1199 (N.D. Cal. 2024) (defendant did not raise the question of whether Google Analytics is an electronic amplifying or recording device for purposes of Section 632 and dismissal was denied on different grounds).

Moreover, Plaintiff ignores that liability under Section 632(a) does not stem from the "intentional, nonconsensual recording of communications regardless of the content of the conversation", Opp'n at 20, but the law provides liability against the eavesdropping and recording of confidential communications. *See Brown v. Google LLC*, 685 F. Supp. 3d 909, 936 (N.D. Cal. 2023). Therefore, the relevant inquiry is whether the alleged communications supporting Plaintiff's Section 632 claim are confidential communications, as defined under the law, which they are not. As discussed in Alma's Motion, the confidential communications allegedly "eavesdropped" or "recorded" do not amount to sensitive information, as defined under applicable law, regulations, or industry, *see* Opp'n at 21, because the alleged communications are not personally identifiable to a Website user.

**D. CMIA**

As discussed, Plaintiff's allegations fail to adequately plead that the involved information is individually identifiable and amounts to medical information, as defined under CMIA. Plaintiff's Opposition should not convince the Court that dismissal of Plaintiff's CMIA claim is unsupported by law. Plaintiff's use of *Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks* is not illustrative of this matter at hand, where the question presented before that court was whether the plaintiff had a reasonable expectation of privacy regarding information contained in her medical records, which was easily attributable to her identity. *See* 132 Cal. App. 4th 1466, 1472–73, 34 Cal. Rptr. 3d 439, 442 (2005). The question presented by Alma in its Motion to Dismiss is whether the alleged web transmissions that Plaintiff claims are captured through Google Analytics amount to medical information as defined by CMIA, which Plaintiff fails to address in the Opposition.

Alma also disagrees with the inference that Plaintiff "adequately alleged the disclosure of information 'reveal[ing] medical history, diagnosis, or care' within the meaning of the CMIA", *St.*

*Aubin v. Carbon Health Techs., Inc*. No. 24-CV-00667-JST, 2024 WL 4369675, at *10 (N.D. Cal. Oct. 1, 2024), as the plaintiff did in *St. Aubin*. In *St. Aubin*, plaintiff alleged the transmission of "patients' identifiable information including their device IDs, IP addresses, or Facebook IDs that could be used to personally identify patients", *id.* at *9, which is not the case here. As alleged, the web transmissions allegedly captured through Google Analytics are obfuscated and when decoded, they do not encompass "'individually identifiable information' [that] include[s] 'a patient's medical history, mental or physical condition, or treatment.'" *Id.* Therefore, if *St. Aubin* is instructive, it reflects that dismissal of Plaintiff's CMIA claim is appropriate, especially when medical information for purposes of the CMIA does not "encompass demographic or numeric information that does not reveal medical history, diagnosis, or care". *Id.* (internal quotation mark and citation omitted). As pled, the factual allegations of Plaintiff do not support an inference that there has been a disclosure of medical history, diagnosis, or care. *See Compl.* ¶¶ 59 and 62. Therefore, the Complaint does not sufficiently allege a claim under the CMIA.

**E. Invasion of Privacy & Intrusion Upon Seclusion**

Plaintiff's Opposition fails to provide support under the law that a privacy interest constitutes a reasonable expectation of privacy for purposes of an invasion of privacy claim. Additionally, there have been cases that have dismissed invasion of privacy claims based on browsing data alone. *See Williams v. DDR Media, LLC*, No. 22-CV-03789-SI, 2023 WL 5352896, at *6-7 (N.D. Cal. Aug. 18, 2023) and *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025-26 (N.D. Cal. 2012). In those cases, the plaintiffs failed to meet the threshold set by California courts. "The California Constitution and the common law set a high bar for an invasion of privacy claim". *Low*, 900 F. Supp. 2d at 1025. A claim could fail even when there is a disclosure of personal information, such as Social security numbers, if there is no "egregious breach of the social norms".

*Id.* (internal quotation marks omitted). As pled, Plaintiff fails to allege sufficient facts to meet the standard set by California to support a claim for invasion of privacy.

As for Plaintiff's claim for intrusion upon seclusion, regardless of whether New York law or California law applies, the lack of any allegations supporting an intrusion by Alma is why Plaintiff's claim should be dismissed by the Court. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 629 (N.D. Cal. 2021) ("[T]he relevant question here is whether a user would reasonably expect that [defendant] would have access to the ... data.") (internal quotation marks and citation omitted); *see also Gabrielli*, No. 24-CV-01566 (ER), 2025 WL 522515, at *6. The involvement of sensitive data, which the Complaint fails to adequately allege the involvement of, is not a sufficient basis for successfully stating this claim. Therefore, the Court should find Plaintiff's pleadings as inadequate and dismiss this claim accordingly.

**F. The Court Should Deny Plaintiff's Judicial Notice**

Judicial notice is limited to facts "not subject to reasonable dispute" because they are generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Ng v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 23-CV-10380 (MKV) (BCM), 2024 WL 4827574, at *4 (S.D.N.Y. Nov. 19, 2024). Plaintiff's proffer falls well short of that standard. Plaintiff asks the Court to take notice of a Statement of Information regarding Google LLC and an Alma Privacy Notice purportedly from November 4, 2024—materials whose contents and relevance are reasonably disputed. Moreover, judicial notice does not apply to "documents" in the abstract; it applies, if at all, to specific facts within them. *See CITGO Petroleum Corp. v. Starstone Ins. SE*, No. 1:21-CV-389-GHW, 2023 WL 2525651, at *5 (S.D.N.Y. Mar. 15, 2023), aff'd sub nom. *CITGO Petroleum Corp. v. Ascot Underwriting Ltd.*, 158 F.4th 368 (2d Cir. 2025). Because Plaintiff does not identify any discrete,

indisputable facts suitable for Rule 201 notice—and instead seeks to use disputed materials to bolster its opposition—the Court should deny Plaintiff's request.

Plaintiff's request fails for at least three independent reasons. First, in a putative class action with an undefined "Class Period," *see Compl.* ¶ 110, notice of time-specific materials is premature; absent a defined timeframe, the Court cannot assess whether the proffered documents are accurate or relevant to the claims at issue. *See Prime Contractors, Inc. v. APS Contractors Inc.*, 754 F. Supp. 3d 289, 301 (E.D.N.Y. 2024) (judicial notice of an integral document requires that "no material dispute of fact exists" as to its "accuracy" or "relevance") (internal citations omitted). Second, even if the Court were to notice the existence of Alma's Privacy Policy, judicial notice cannot be used to resolve what the policy means or whether it has effect on Plaintiff's claims. *See Sinclair v. Ziff Davis, LLC*, 454 F. Supp. 3d 342, 345 (S.D.N.Y. 2020), adhered to in part on reconsideration, No. 18-CV-790 (KMW), 2020 WL 3450136 (S.D.N.Y. June 24, 2020) (contract meaning is "a question of law" not a fact appropriate for judicial notice) (internal citations omitted). Third, Plaintiff's declaration does not authenticate the Wayback Machine version of the policy; that requires testimony from an Internet Archive representative. *See Lesh*, 767 F. Supp. 3d at 43. For each of these reasons, the Court should deny Plaintiff's request for judicial notice.

## II. CONCLUSION

For the foregoing reasons, Alma respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and reject Plaintiff's motion for judicial notice.

## CERTIFICATION

I, Jacob Lisogorsky, hereby certify that the foregoing Memorandum of Law complies with Local Civil Rule 7.1 in that the total number of words in this Memorandum of Law, exclusive of the caption, table of contents, table of authorities, and the signature block, amounts to 3,641 words

and therefore does not exceed the 3,500 word count limit prescribed under Rule 7.1 and the additional 700 words granted by Court Order (ECF No. 39).

*/s/ Jacob Lisogorsky* ___________